UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00157-FDW

| CHRISTOPHER DEAN HALL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| DENNIS DANIELS, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Christopher Dean's Hall's second unexhausted pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was found guilty by a Lincoln County Superior Court jury of three drug trafficking counts. (§ 2254 Pet. 1-2, Doc. No. 1.) The trial court sentenced Petitioner to 110-146 months in prison. Judgment was entered on March 28, 2018. (§ 2254 Pet. 1.) He did not appeal. (§ 2254 Pet. 2.)

Petitioner filed a habeas Petition pursuant to § 2254 on June 25, 2018. Pet., Hall v. Daniels, No. 5:18-cv-00107-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition without prejudice on July 19, 2018 on exhaustion grounds, noting that although it appeared Petitioner had filed a motion for appropriate relief ("MAR") in the state courts, it was unlikely he had "sought review of the denial of his MAR by way of a petition for writ of certiorari in the North Carolina Court of Appeals." Order Dismiss. Pet. at 3, id., Doc. No. 4 (citing N.C. Gen. Stat. § 15A-1422). The Court then stated: "Such a step is required to fully exhaust claims raised

1

for the first time in an MAR. Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

Petitioner filed the instant habeas Petition on September 19, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (§ 2254 Pet. 15). See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises an insufficiency of the evidence claim, an ineffective assistance of counsel claim, and a prosecutorial misconduct claim. He also contends he is excused from the exhaustion requirement because he is "actually innocent" of the crimes of which he was convicted.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes that the Petition must be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

## III.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

A federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless "the prisoner demonstrates cause for the default and prejudice from the asserted error." House v. Bell, 547 U.S. 518, 536 (2006). Additionally, in Schlup v. Delo, the Supreme Court recognized that in certain exceptional cases, a compelling showing of actual innocence would enable a federal court to consider the merits of a petitioner's otherwise defaulted claims. 513 U.S. 298 (1995).

In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. As noted Petitioner did not file a direct appeal and thus did not exhaust his claims through the direct review process. See O'Sullivan, 526 U.S. at 845.

The instant Petition indicates Petitioner raised his sufficiency of the evidence and

3

ineffective assistance of counsel claims in a petition for writ of habeas corpus filed in the trial court on August 5, 2018. As of the filing of the instant Petition, that action was still pending (§ 2254 Pet. 5-7.) Petitioner has not raised his prosecutorial misconduct claim in any state court. (§ 2254 Pet. 9.)

Petitioner's habeas corpus petition in the state court cannot serve to exhaust these claims. In North Carolina, a writ of habeas corpus is an extremely limited remedy that only challenges the jurisdiction of the court of conviction and allows no determination of the merits of any other claim. See e.g., Broughton v. Baker, 537 F. Supp. 274, 279 (E.D.N.C.1982) *vacated as moot sub nom.* Broughton v. North Carolina, 717 F.2d 147 (4th Cir. 1983); Matter of Imprisonment of Stevens, 221 S.E.2d 839, 840 (N.C. Ct. App. 1976) ("[T]he writ is considered an extraordinary process and jurisdictional mechanism under which . . . '[t]he only questions open to inquiry are whether on the record the court which imposed the sentence had jurisdiction of the matter or had exceeded its powers.'") (quoting In re Burton, 126 S.E.2d 581, 586 (N.C. 1962))). Petitioner's claims do not challenge the jurisdiction of the trial court.

It is not clear from the previous habeas Petition whether Petitioner filed an MAR in the state courts. In that Petition, Petitioner states he tried to file an MAR, but the MAR was denied because "a Direct Appeal is first required to be exhausted." Pet. at 5, Williams, No. 5:18-cv-00107-FDW.[2] However, that is a misstatement of North Carolina law; a prisoner is *not* required to exhaust direct review before filing an MAR, see N.C. Gen. Stat. § 15A-1415(a) ("At any time after verdict, a noncapital defendant by motion may seek appropriate relief upon any of the

---

[2] Petitioner provides no further details (e.g. the date he filed the MAR, the date it was denied, or the claims he raised).

grounds enumerated in this section."). Thus, the Court cannot be sure Petitioner actually filed an MAR.

Nevertheless, "[a] claim that has not been presented to the highest state court . . . may be treated as exhausted [and procedurally defaulted] if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). The question then is whether Petitioner has demonstrated that the claims raised herein would be procedurally barred under state law, if he attempted to present them in state court.

Petitioner cannot file a direct appeal, as the time in which to do so has long since expired. See N.C. R. App. P. 4(a)(2) (requiring that a criminal defendant give notice of appeal within 14 days of judgment being entered). If Petitioner did file an MAR but did not raise any of the claims presented in the instant Petition, he would be procedurally barred from raising them now in a second MAR, see § 15A-1419(a), unless the claims are based on evidence "which was unknown or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time, . . . and which has a direct and material bearing upon . . . the defendant's guilt or innocence," see § 15A-1415(c). If Petitioner has not filed an MAR, it is not clear he would be procedurally barred from filing one now and raising these claims. Finally, North Carolina law does not require that a certiorari petition in the court of appeals seeking review of the denial of an MAR be filed by a specific time in non-capital cases, but instead provides that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e).

In sum, it is not clear that the claims raised in the instant Petition would be procedurally barred under state law if Petitioner attempted to present them to the state court. Thus,

Petitioner's assertion that he is excused from the exhaustion requirement because he is actually innocent of the crimes of which he has been convicted is premature. Accordingly, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that a one-year statute of limitation applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Generally, the statute of limitation begins to run on the date a petitioner's conviction becomes final, § 2244(d)(1)(A), and is tolled while a *properly filed* post-conviction action is pending in the state courts § 2244(d)(2).

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as unexhausted; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 7, 2018

Frank D. Whitney
Chief United States District Judge